Lawrence Zekas/PRO PER
9736 Peabody Drive N
Jacksonville, FL 32221
lzekas01@gmail.com

FILED

2022 JUL 22 AM 8:48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAWRENCE ZEKAS,

    Plaintiff,
vs.

CHRISTOPHER DUNN and RAS LAVRAR, LLC,

    Defendants.

Case No.: 3:22-cv-794-TJC-MCR

COMPLAINT FOR VIOLATIONS OF THE FAIR-DEBT-COLLECTION-PRACTICES-ACT, 15 U.S.C. §1692, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, 42 U.S.C. §1983 BREACH OF CONTRACT AND OTHER DAMAGES

AFFIDAVIT OF VERIFICATION

## ONE-HUNDRED-THOUSAND-DOLLAR CLAIM FOR VIOLATION OF THE F.D.C.P.A. ACT 1692, DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, 42 USC 1983, BREACH OF CONTRACT AND INFLICTION OF EMOTIONAL DISTRESS

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

COMES NOW, Lawrence Zekas, proceeding *in propia persona*, and files his civil lawsuit for Defendants having filed a credit card lawsuit against Plaintiff in state court, violations of the Fair-Debt-Collection-Practices-Act, or "FDCPA", and

deprivation of plaintiff's rights, including his rights to privacy, honest services, and to be left alone. Plaintiff demands that his **Pro se** status be recognized and treated by the Court as The United States Supreme Court, and US District Courts have held such status be recognized and treated. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers". **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); see also **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976); **Gillihan v. Shillinger**, 872 F.2d 935, 938 (10th Cir.1989). "We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally". **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

### 42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia.

### JURISDICTION:

1. Through the Judiciary Act of 1789, the U.S. Congress placed admiralty and maritime law under the jurisdiction of the federal district courts

2. This court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. 1692k(d), and 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

3. This court has jurisdiction under 42 U.S.C. 1983 because the defendants are ignoring plaintiff's right to due process, are negligently and recklessly disclosing private information concerning plaintiff without his consent, and having failed to conduct a pre-filing investigation prior to filing a lawsuit against plaintiff. Fed.R.Civ.P, Rule 11.

4. This court has personal jurisdiction over the defendants because the defendants' principal place of business is in this state.

5. Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

6. Federal court has jurisdiction over this case based on the following reasons:

   a. 42 USC 1983 civil rights claim is a Constitutional dispute.
   b. The defendants violated the FDCPA.
   c. The defendants failed to conduct a pre-filing investigation prior to initiating the state action.
   d. The defendants are depriving defendant of his right to privacy, right to honest services, and right to be let alone.
   e. The amount of damages sought exceeds the state court limits.

7. There is no other court available for remedy.

## FACTUAL ALLEGATIONS:

8. Contracts that rely on the personal trust, confidence, skill, character, or credit of the parties may not be assigned without the consent of the parties.

9. I did not consent to the assignment of my alleged debt therefore the collection efforts of defendants violate the FDCPA.

10. As a matter of contract law, I do not owe the amount that is being sued on in the state court, or any other amount defendants are claiming. Reference *Christopher Dunn, Daphne Granthier, Vivian Williams, Drew Linen, Kimberly Baker, Flynn LaVrar, RAS LaVrar, LLC, and CITIBANK, N.A., vs. Zekas*, Case No.: 16-2021-CC-006757-XXXX-MA, County Court, Fourth Judicial Circuit, Duval County, Florida.

11. The application for credit in the state case was altered, and stolen and there was an addition to the agreement with the following items that are missing from the contract filed in this case:

> a. The original creditor is not asserting a claim and will receive no benefit if the attorney wins and no detriment if the case is lost;
> b. The attorney's case lacked the documentation to prove the terms and conditions of the alleged contract and lacks proof to show the entire chain of assignment;
> c. The affidavit in the attorney's case is defective as it fails to include an authorizing instrument from the principal granting the party signing the instrument to act as its agent or "custodian of records," or authorization to access underlying data as a basis for the records described;

    d. The intent of the agreement is that the original party who funded the alleged extension of credit as per the bookkeeping entries is to be repaid the money;

    e. The agreement was that the bank or financial institution involved in the alleged credit loan will follow GAAP;

    f. The financial institution involved in the alleged extensions of credit will purchase the application from the borrower;

    g. The borrower did not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a credit application or similar instrument;

    h. The original written agreement gives full disclosure of all material facts.

12. The Bank Advertised An Extension Of Credit:

    a. I applied for a credit card.

    b. The bank misrepresented the elements of the alleged agreement to the alleged plaintiff.

    c. There is no bona fide signature on the alleged credit application.

13. The bank failed to disclose if the plaintiff's signature on the application is what generated the approval for the extension of credit.

14. It appears the bank recorded the application as an unauthorized extension of credit from me to the bank.

15. The credit deal was not performed according to the GAAP accounting principles in violation of the federal laws.

16. The attorneys have no authorization of law for collection activity in this case.

17. The attorney purchased this alleged debt after it has been charged off.

18. The plaintiff did not sign a contract with the attorney's company.

19. The attorney is the real plaintiff in the state action, and the fact the lawsuit list's a party who did not sign the lawsuit is a fatal flaw to the ongoing action.

20. Contracts that rely on the personal trust, confidence, skill, character, or credit of the parties may not be assigned without the consent of the parties.

21. The document the attorney filed is inaccurately described as affidavit supporting default judgment, however, due to the risk of the attorney unlawfully obtaining a judgment against me, I timely responded to a lawsuit which never should have been filed against me.

22. The attorney filed an illegitimate claim and they have not been harmed.

23. This assigned debt for pennies on the dollar has no contract, no payment history, and no chain of assignment.

24. The attorneys merely invested in a portfolio of cheap assets and have no contract that I signed.

25. The original contract was not provided to give the state court jurisdiction.

26. There is no injured party in the state action.

27. The attorney is collecting on his own behalf.

28. The original creditor no longer has any financial interest in the account.

29. The attorneys' junk debt was purchased by wholesalers then sold to the junk debt collection attorneys who are attacking me.

30. This alleged debt was discharged.

31. The attorneys do not have a license and therefore are in violation of the FDCPA.

32. The attorneys failed to prove the existence of the alleged underlying contract.

33. The attorneys cannot prove an unbroken chain of title and therefore have no standing.

34. The account details are missing from the attorneys' fraudulent lawsuit.

35. If the attorneys cannot prove the terms and conditions of the underlying contract, they cannot prove any contractual rights to receive interest, late fees, or attorney fees.

36. The attorneys' lawsuit is nothing less than unjust enrichment.

37. The attorneys' compliant is pled as an account stated and it is missing the elements needed to have standing.

38. There was no past relationship between the parties.

39. The debt collector cannot authenticate or admit into evidence the records of a third-party entity as business records.

40. The attorneys made false representations of the amount and the legal status of the debt.

41. The attorneys falsely stated I did not object to a statement of account.

42. The debt collector merely bought the debt information and not the actual debt.

43. The attorneys cannot produce the original application, and cannot claim a Breach of Contract.

## ELEMENTS FOR COMMON LAW:

44. Controversy (The listed defendants)

45. Specific Claim (15 USC §1692, 42 USC §1983, breach of contract, emotional distress/mental anguish)

46. Specific Remedy Sought by Claimant (One-hundred-thousand Dollars)

47. Claim Is Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

## FDCPA VIOLATION:

48. The elements for FDCPA are as follows:

    (a) the plaintiff is a consumer.
    (b) the debt involved meets the definition of debt in the FDCPA.
    (c) the defendant is a debt collector; and
    (d) the defendant committed an act prohibited by the FDCPA.

## BREACH OF CONTRACT:

49. The credit card advertised that they loan credit on a card:

    a. I applied for a loan of credit on a card.
    b. They refused to give me legal tender or other depositors' money to fund the alleged loan of credit on a card.
    c. The credit card company misrepresented the elements of the alleged agreement to the alleged borrower.
    d. There is no bona fide signature on the alleged application of contract.

e. The application note is a forgery.

f. The application was processed through the federal reserve where the credit card company was provided electron credits for the application.

g. The credit card company recorded the forged application as a loan of credit from the credit card company to the plaintiff.

h. The credit card company used that application to fund the alleged loan of credit back to the plaintiff.

## PARTIES

50. Lawrence Zekas is a resident of Duval County, Florida.

51. The first defendant is Christopher Dunn.

52. The second defendant is RAS LaVrar, LLC

## Counts:

### Count One: Violation of The F. D. C. P. A.

53. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

54. The defendants' negligence and reckless endangerment of rights was the direct and proximate result of the plaintiff's injuries.

### Count Two: Breach of Contract:

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

56. The defendants' negligence and reckless endangerment of rights was the direct and proximate result of the plaintiff's injuries.

### Count Three: Infliction of Emotional Distress:

57. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

58. The defendants' negligence was the direct and proximate result of the plaintiff's injuries.

### NEGLIGENT/RECKLESS CONDUCT:

59. The defendants acted with deliberate indifferent to the Constitution and or federal laws when they violated the plaintiff's right while attempting to collect a debt that is not owed, filing a collections lawsuit against Plaintiff, breach of contract, and forgery which violates the Fair-Debt-Collection-Practices-Act.

60. As a proximate result of the negligent or reckless conduct of the attorney illegally acting as a 3rd party debt collector, the plaintiff suffered injury when the attorney lied publicly to the state court and disclosed unlawfully obtained personal and private information of plaintiff without his express consent.

61. This problem cause plaintiff to be served a summons and complaint through a minor, engage with numerous parties who have no interest in plaintiff's personal or private affairs, public humiliation and embarrassment, potential loss of employment, business opportunities or promotions, as well as the extensions of

credit due to false, negative and inaccurate reporting to consumer reporting agencies.

62. The contract filed is missing the following provisions agreed upon in the original application:

> a) The intent of the agreement is that the original party who funded the alleged loan of credit per the bookkeeping entries is to be repaid the loan of credit.
> b) The financial institution involved in the alleged loan of credit will follow GAAP.
> c) the financial institution involved in the alleged loan will purchase the application from the borrower.
> d) the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a financial institution will use to give value to the loan of credit on a card.
> e) the borrower is to repay the loan in the same species of money or credit that the financial institution used to fund the loan of credit on a card per GAAP, thus ending all interest, fees and other costs or expenses.

## Infliction of Emotional Distress:

63. Under the direct victim theory, the plaintiff may recover for the negligent infliction of emotional distress when conduct directed at the plaintiff caused him to suffer serious emotional distress.

64. The plaintiff will show that:

    a. The defendants acted, and are acting, with negligence and reckless endangerment.
    b. The plaintiff suffered serious emotional distress; and
    c. The plaintiff is being forced to engage with defendants thereby depriving him of his rights.

65. The defendant's negligence and reckless endangerment is a substantial factor in causing the distress.

66. Emotional distress includes suffering, anguish, fright, nervousness, grief, worry and anxiety, shock, or humiliation. It must be so severe that an ordinary, reasonable person cannot cope.

67. The defendants have intentionally and negligently taken illegal actions which have caused the plaintiff's severe emotional distress.

68. The fact part of the original agreement is missing from the application filed in the state case is a clear showing of illegal intent to cause distress.

69. As a result of these actions by Christopher Dunn and RAS LaVrar, LLC, known as the defendants.

I have suffered in the following ways:

    Six years ago, my oldest son began to experience life-threatening, life-altering, life-long medical issues. Since then, he (we) lives with the results of two ruptured brain aneurysms, an ischemic stroke and has undergone multiple surgeries and procedures as well as physical and cognitive rehabilitation. Because of our family's circumstances, my wife, a teacher, is unable to work due to the

necessity of tending to the care and responsibilities of our oldest son as well as his two younger brothers who have Aspergers Syndrome and Down Syndrome. When I am not working, I too have the responsibility of assisting my wife in caring for our children. Because of the immense and overwhelming amount of stress my family went through and continues to live with, my wife, my oldest son, and I developed anxiety and depression amongst various other physical and mental health issues. We have been prescribed medications and encouraged to attend counseling which, for several years now, we have done and will continue to do. In their state action, Christopher Dunn's and LaVrar's lawsuit further exacerbates these conditions as well as others such as feelings of being harassed, ignored, and/or abused which has caused me to experience emotions such as disgust, anger, frustration, indignation, anxiety, helplessness, despondency, discouragement, unhappiness, loss of hope and low spirits.  I work six days a week, approximately 60 hours each week doing my best to try and make ends meet for my family and am physically and mentally exhausted by the end of each day. It is difficult to concentrate on my work already due to anxiety, depression, and overwhelm. Furthermore, defending LaVrar's lawsuit without an attorney poses further challenges concerning what little free time I might have with my family. I try to persevere and have a good attitude each day despite the challenges of my job and family life in addition to the challenges of these defendants' actions which include but are not limited to conducting extensive research concerning consumer laws, court rules and procedures, and drafting and

filing court documents. I have spent at least one hundred hours of time normally reserved for my family, and greater than $1,500 both defending the state action and now bringing this federal action against RAS, LaVrar, and Christopher Dunn. This is time which my family has been deprived of which we can never get back and money that was desperately needed elsewhere for medical and educational expenses that typical families do not have as well as for the rising costs of living expenses.

### Request for Damages:

70. Plaintiff requests compensatory and general damages for expenses for legal expenses, medical bills, mental anguish associated with living with the consequences of the defendants' negligence and reckless endangerment of rights, loss of income, damaged credit score, public humiliation and embarrassment.

71. The plaintiff requests punitive damages in what the jury finds just and fair.

72. Plaintiff prays that this court enter judgment for the Plaintiff and against each of the Defendants, and grant:

    a. compensatory, punitive, and consequential damages, including damages for emotional distress, humiliation, and other pain and suffering on all claims allowed by law in an amount in excess of One-hundred-thousand Dollars;
    b. Issue an Order or temporary injunction to defendants to immediately cease collection activity of the alleged debt;
    c. fees and costs incurred in this action and the state action;
    d. any further relief that this court deems just and proper, and any other appropriate relief at law.

**WHEREFORE**, Plaintiff Lawrence Zekas, requests the following:

a. That the court enters a judgment in favor of Lawrence Zekas, and against the defendants on all counts of the Complaint:

b. That the court award compensatory damages unto Plaintiff and against the defendants jointly and severally, in an amount to be determined at trial:

c. That the court award punitive damages to plaintiff, and against the defendants, jointly and severally, in an amount to be determined at trial in order that such award will deter similar proscribed conduct by the defendants in the future.

d. That the court award plaintiff, and against the defendants, prejudgment and post-judgment interest on all sums awarded in this action, and including reasonable legal fees, pursuant to Federal Laws.

e. That the court grant Plaintiff such other equitable relief that the court deems appropriate.

## Demand For A Trial By Jury

Comes Now, the plaintiff, and hereby demands a trial by jury on all issues so triable to a jury.

Respectfully submitted on this 22nd day of July, 2022, by:

*/s/ Lawrence Zekas*

Lawrence Zekas without Prejudice
UCC 1-308

## AFFIDAVIT

STATE OF Florida            )
                            ) SS
COUNTY OF Duval             )

I, Lawrence Zekas, have read the foregoing Complaint and know its contents. I am the Plaintiff, party to this action, and am authorized to make this affidavit. I have firsthand knowledge as to the matters stated in the foregoing document as true, certain, correct and not misleading, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true, certain, correct and not misleading.

I declare under penalty of perjury under the laws of the State of Florida and the United States of America, that the foregoing is true and correct.

By: _____
Lawrence Zekas, Affiant
Without Prejudice UCC 1-308

Sworn to (or affirmed) and subscribed before me by means of [X] physical presence or [ ] online notarization, this 21st day of July, 2022 by Lawrence Zekas. Type of identification produced: FDL

_____
Notary Public

My Commission Expires: July 14, 2023