UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAWRENCE ZEKAS,
    PLAINTIFF                            CASE NO.: 3:22-CV-794-TJC-MCR

Vs.

CHRISTOPHER DUNN and
RAS LAVRAR, LLC
    DEFENDANTS.
_____/

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants, Christopher Dunn and RAS LAVRAR LLC, move this Court to dismiss Plaintiff's Complaint and as grounds states:

### Background

The sole interaction between Plaintiff and Defendants arise from Defendants' filing of a Complaint against Plaintiff on or about July 7, 2021 in an attempt to recover a debt owed on an unpaid credit card account owned by Citibank, N.A; a copy of which is attached as an Exhibit "1". Plaintiff brings his Complaint against Defendants on or about July 22, 2022 alleging violations of the Fair Debt Collection Practices Act (FDCPA), Breach of Contract and Infliction of Emotional Distress.

### Argument and Memorandum of Law

Plaintiff's claims are premised upon Defendants' filing of a lawsuit and are unquestionably barred by statute of limitations and the doctrine of litigation immunity. Furthermore, the allegations of the complaint seem to be intentionally vague. There are no exhibits regarding the claims that allegedly gives rise to the violations. Plaintiff's Complaint uses conclusory language

{00224777.DOCX}

without any factual support. Indeed, the complaint is little more than the naked assertion that Defendants violated the acts.

It is true that Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." It is also true that, on a motion to dismiss, the Court must consider the allegations in the complaint as true. However, this rule "is inapplicable to legal conclusions" such as a naked allegation of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). **The allegations must include "more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation."** *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "**Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**." *Id.*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Id.* (*quoting Twombly*, 550 U.S. at 570). The *Ashcroft* Court makes clear that a claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. "The Eleventh Circuit has held that when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment [as Rule 12(d) allows when a movant presents arguments or materials that go beyond the four corners of the complaint], because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned." *Davis v. Williams Communications, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (*citing Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

### Plaintiff's FDCPA Claims Must be Dismissed for Statute of Limitations

Plaintiff alleges that Defendants violated the FDCPA for actions which culminated with, and included, Defendants' filing of the Complaint. Pursuant to the plain language of the FDCPA, Plaintiff was required to file this action "within one year from the date *on which the violation occurs.*" § 1692k(d) (emphasis added). In this case, Defendants filed the lawsuit on July 7, 2021 and Plaintiff's Complaint was not filed until July 22, 2022. As a result, the alleged violations of the FDCPA are time-barred as the one-year statute of limitations has expired. Federal court decisions in Florida's Middle District support the proposition that the one-year statute of limitations on a FDCPA claim begins to run on the date the alleged lawsuit was filed. *See Zenon v. Palisades Collection, LLC*, 807-CV-2198T-30MAP, 2008 WL 506231, at *1 (M.D. Fla. 2008). "An action brought pursuant to the FDCPA must be brought within one year of the date on which the alleged violation occurred… [because the FDCPA claim] is based on the filing of the County Court Action, the date that action was commenced is the date the statute of limitations began to run." *Hinds v. Credigy Receivables, Inc.*, 607CV-1081-ORL-28GJK, 2008 WL 5381345, at *6 (M.D. Fla. 2008).

### Plaintiff's Claims Must be Dismissed as a Matter of Law

The Florida Litigation Privilege extends immunity to Defendants for "any act occurring during the course of judicial proceedings." Levin, et al. v. U.S. Fire Insur. Co., 639 So.2d 606, 608 (Fla. 1994). Applying "across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin," the Litigation Privilege provides absolute immunity "'to any act occurring during a judicial proceeding . . . so long as the

act has some relation to the proceeding.'" Echevarria, et al. v. Cole, 950 So.2d 380, 384 (Fla. 2007) (citing Levin, et al., 639 So.2d at 608). The Litigation Privilege may be used in resolving a motion to dismiss when "'the complaint affirmatively and clearly shows the conclusive applicability' to the defense to bar the action." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1277 (11th Cir. 2004)(citing Reisman v. Gen. Motors Corp., 845 F.2d 289, 291 (11th Cir. 1988)). The Florida Supreme Court again confirmed Florida's broad Litigation Privilege stating that: "judges, counsel, parties, and witnesses should be absolutely exempted from liability [for acts undertaken] in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry." Delmonico v. Traynor, 116 So. 3d 1205 (Fla. 2013).

## Conclusion and Relief Requested

Plaintiff's Complaint alleging violations of the FDCPA is time-barred. Plaintiff's Complaint is further barred by the doctrine of litigation immunity and fails to allege facts supporting the claims asserted. Defendants request this Court to dismiss Plaintiff's Complaint with prejudice.

I certify that on _08/24/2022_ a copy of this document was sent to interested parties per the service list via ECF.

/s/ Flynn LaVrar
Flynn LaVrar, Esq., FL Bar #91596
*ATTORNEYS FOR DEFENDANTS*
1133 S. University Drive, 2nd Floor
Plantation, FL 33324
954-735-4455  or  800-531-5490
954-735-0227 (fax)
844-384-6768 (TTY)
service@raslavrar.com
flavrar@raslavrar.com

**SERVICE LIST**

"In care of"

LAWRENCE ZEKAS
*9736 PEABODY DRIVE NORTH
JACKSONVILLE, FLORIDA 32221