"In care of"
Lawrence Zekas
9736 Peabody Drive North
Jacksonville Florida [32221]
LZekas01@gmail.com

FILED

2022 SEP -2  AM 10: 21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| Lawrence Zekas, | ) Case No.: 3:22-00794-TJC-MCR |
| | ) |
| Plaintiff, | ) **DEMAND TO STRIKE DEFENDANTS'** |
| vs. | ) **NOTICE OF APPEARANCE FROM THE** |
| | ) **RECORD, A CORPORATION CANNOT** |
| RAS LAVRAR, LLC and CHRISTOPHER | ) **REPRESENT ITSELF IN COURT** |
| DUNN, | ) |
| | ) Reserve Right to Amend |
| Defendants. | ) |
| | ) |
| | ) |

## DEMAND TO STRIKE DEFENDANTS' "NOTICE OF APPEARANCE" FROM THE
## RECORD, A CORPORATION CANNOT REPRESENT ITSELF IN COURT

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

Comes now Lawrence Zekas, hereinafter Plaintiff, without waiving any rights, defenses,

statutory or procedural and Demands the court to strike from the court record, Defendant's

"Notice of Appearance" and DEFENDANTS' MOTION TO DISMISS filed in this case by

Flynn LaVrar because a corporation *entity* cannot represent itself or another in court. See:

EXHIBIT A, a copy of the docket and from the Secretary of State's website, a copy of the

DIVISION of CORPORATIONS "Detail by Entity Name" of RAS LAVRAR, LLC, whereby

the attorney, Flynn LaVrar, is registered as an officer of the LCC business Entity named in the

complaint while representing it and the other Defendant all at the same time. Such behavior

is not only contrary to precedential case law but also to the applicable local rules found in all

U.S. Federal Courts. E.g., the District of Colorado's Local Rule IV (b) declares with clear

simplicity: An "entity may not appear without counsel admitted to the bar of this court."

Similarly, the Middle District of Florida's Local Rule 2.02(b)(2) states, "A party other than a

natural person, can appear through the lawyer only." The relevant case law also states that a

corporation or LLC must be represented by a lawyer in court. See: Harrison v. Wahatoyas,

L.L.C., 253 F.3d 552, 556 (10th Cir. 2001):

> As a general matter, a corporation or other business entity can only appear in court
> through an attorney and not through a non-attorney corporate officer appearing pro
> se. *See Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962)
> ("The rule is well established that a corporation can appear in a court of record only by
> an attorney at law.").

("It is well established that LLCs must be represented by counsel in order to proceed before

this court.") (citing *Roscoe v. United States*, 134 F. App'x 226 (10th Cir. Apr. 29, 2005) (LLC

cannot proceed pro se). See *Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006):

> It has been our long-standing rule that a corporation must be represented by an
> attorney to appear in federal court.[8] Consistent with that rule, Local Rule 17.1 of the
> United States District Court for the Western District of Oklahoma provides: *"[p]arties
> who are not natural persons may not appear pro se."* [emphasis added] Thus, the
> district court did not err in denying Tal the right to represent Tal, Inc. and Bricktown,
> Inc. *pro se* and requiring the corporations to secure counsel.
>
> [8] *See Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001) ("As a general
> matter, a corporation or other business entity can only appear in court through
> an attorney and not through a non-attorney corporate officer appearing *pro*

se."); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966) ("[A] corporation can appear in a court of record only by an attorney at law."); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."). *See also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Commercial R.R. Bank of Vicksburg v. Slocomb, Richards Co.*, 39 U.S. (14 Pet.) 60, 65, 10 L.Ed. 354 (1840) ("[A] corporation cannot appear but by attorney. . . .") *overruled in part by* 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844); *Osborn v. Bank of the United States,* 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."). *See generally Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 33-34 (7th Cir. 1976) (explaining the justification for the rule).

A corporation cannot appear by any means other than by an agent and thus it is impossible for a corporation to appear *"in propria persona."* see: *Laskowitz v. Shellenberger*, 107 F. Supp. 397 (S. D. Cal. 1952), "[A] corporation, it is without capacity to either represent others or itself." See: APPOINTMENT OF COUNSEL FOR A DEFAULTING CORPORATION IN A CRIMINAL PROCEEDING, 1960 Duke Law Journal 649-653 (1960 court). "The traditional rationale for the view that only an attorney may represent a corporation in court is that a corporation is an artificial person created by law and, being such, cannot act as a natural person in presenting its own case." In a 1967 article written by Timothy G. Cotner, "May a Corporation Act as Its Own Attorney?" Cotner writes, "A recent decision [1966],, *Remole Soil Service, Inc. v. Benson*, has reiterated the view that corporations cannot appear in court in *propria persona*, nor may a layman in charge of a corporation take assignments of the corporation's claims and appear *pro se*." See: Footnote 6 Black, *op. cit. supra* n. 3, at 1364; meaning to appear for himself.

Finally, what is RAS LAVRAR, LLC? It is a business corporation or an organization composed of a group of people which includes Flynn LaVrar, an officer, and a group of people or a company who are authorized by the state to act as a *single entity* and recognized as such in law for certain purposes. Flynn LaVrar just so happens to be a duly licensed attorney in the company to which he is employed and for which he is currently acting. Lest it be presumed or assumed that since a non-attorney officer, trustee, agent, or employee acting for the corporation cannot litigate on behalf of the corporation, then it must be allowed if the officer, trustee, agent, or employee just so happens to be a duly licensed attorney. In 1966, the opinion from the Appellate Court of Illinois, Fourth District, was a conclusive "no." See *Remole Soil Service, Inc. v. Benson*, 68 Ill. App. 2d 234, 215 N.E.2d 678 (Ill. App. Ct. 1966):

> **[2-6]** It is more than a play on words to say that soulless corporations function only through living souls. With certain exceptions not present here, corporations are prohibited from the practice of law generally. Ill Rev Stats 1965, c 32, ¶ 411. *The prohibition is not escaped even though the officer, trustee, agent, or employee acting for the corporation is a duly licensed attorney at law.* [emphasis added] Ill Rev Stats 1965, ch 32, ¶ 414. *It seems scarcely debatable that business corporations cannot engage in the practice of law for others*. [emphasis added] Paragraph four hundred and fifteen of the same statute reads in part that "Nothing contained in this act shall prohibit a corporation from employing an attorney or attorneys in and about its own immediate affairs or in any litigation to which it is or may be a party. . . ." This proviso is pregnant with the thought that in litigated matters to which it is a party, it may only appear by licensed attorneys.  Further credence is given to this conclusion by the provisions of ch 13, ¶ 11, Ill Rev Stats 1965, which reads in part: "*Plaintiffs shall have the liberty of prosecuting, and defendants of defending in their proper persons. . . .*" *This provision never has been nor do we think it reasonably could be construed to include inanimate corporate entities. It would seem to us that the legislature has quite clearly placed individuals and corporations in entirely different categories in using our courts for the prosecution or defense of their own affairs*. [emphasis added]

The Court further opined:

We conclude, therefore, that "a party to an action may appear in his own proper person or by attorney, unless the party is a corporation, in which case it may appear only by attorney." 7 Am Jur2d ¶ 6. It is clear that the office manager was engaged in the practice of law. We find nothing in the statutes, case law, or Supreme Court Rules which directly or by reasonable implication permits a business corporation to prosecute or defend its own suits in our courts, on any level except through a licensed attorney.

### No Circumventing the Rule:

The courts do not permit an entity to circumvent the rule through an assignment—even if the assignment would otherwise be valid. In other words, a corporation or other entity cannot simply assign its claims to an individual (and presumingly, its liability on claims) to an individual to avoid the requirement of obtaining counsel to litigate the claims. See, e.g., Global Ebusiness Servs. v. Interactive Broker LLC, 2017 U.S. Dist. LEXIS 22916 (N.D. Cal. 2017) (an individual plaintiff affiliated with a corporation may not circumvent this rule through a purported assignment of interest from the corporation to the individual); Bischoff v. Waldorf, 660 F. Supp. 2d 815 (E.D. Mich. 2009) (despite assignment of trademark claims to individual plaintiff from corporation, attorney required to litigate claims). This rule is limited to situations in which the individual has an affiliation with the entity.

### Conclusion:

The Plaintiff filed a complaint for violations of the Fair-Debt-Collection-Practices-Act, 15 U.S.C. §1692, and deprivation of rights under color of law, 42 U.S.C. §1983, breach of contract and other damages which forced both Defendants to hire an attorney to represent the

corporation and the employee in court. The Law Firm Corporation, RAS LAVRAR, LLC, was

included in the complaint, so it is inappropriate for the officer, Flynn LaVrar, acting for and

affiliated with the corporation, to represent both the corporation and or the other defendant,

Christopher Dunn in court. Therefore, the "notice of appearance" of both Defendants through

their pleading entitled "DEFENDANTS' MOTION TO DISMISS," must be stricken from the

record. In this case, the attorney Flynn LaVrar whose signature is on the document entitled

"DEFENDANTS' MOTION TO DISMISS," is an officer, acting for the corporation and

therefore would be considered both pro-se representation of the corporation and a

corporation practicing law and representing Christopher Dunn both of which are prohibited

by law. "[A] corporation, it is without capacity to either represent others or itself."[1] A

corporate officer cannot answer for a corporation nor represent a corporation in litigation and

therefore the notice of appearance in this case must be stricken from the record. The relevant

case law states that a corporation or LLC must be represented by a lawyer in court. A

corporation, [a person], cannot appear by any means other than by an agent and thus it is

impossible for a corporation to appear "*in propria persona.*" Therefore, RAS LAVRAR, LLC has

failed to comply with Local Rule 2.02(b)(3), "If a lawyer represents a person in an action, the

person can appear through the lawyer only." "The traditional rationale for the view that only

an attorney may represent a corporation in court is that a corporation is an artificial person

created by law and, being such, cannot act as a natural person in presenting its own case."[2] A

corporation cannot appear in court *in propria persona,* nor may a layman or a duly licensed

attorney in charge of a corporation take assignments of the corporation's claims and appear

---

[1] *Laskowitz v. Shellenberger,* 107 F. Supp. 397 (S. D. Cal. 1952)
[2] 1960 Duke Law Journal 649-653 (1960 court)

pro se. The courts do not permit an entity to circumvent the rule through an assignment—even if the assignment would otherwise be valid. In other words, a corporation or other entity cannot simply assign its claims to an individual (and presumingly its liability on claims) to an individual to avoid the requirement of obtaining counsel to litigate the claims. An individual defendant affiliated with a corporation may not circumvent this rule through a purported assignment of interest from the corporation to the individual. The court has no option but to strike the notice of appearance and the documents filed in the case to avoid violating the applicable Local Rule found in all Federal Courts. The plaintiff moves the court to strike the attorneys' notice of appearance and all of the documents the LLC officer and employee attorney filed into the case. Consequently, absent both Defendants timely "notice of appearance" through the retainment and representation of an outside attorney, whose first task according to Local Rule 2.02(a) was the timely filing of his or her notice of appearance into the court, both Defendants are in default for failing to timely answer Plaintiff's complaint.

Respectfully submitted this 2nd day of September, 2022, by:

_Lawrence Zekas_
Lawrence Zekas without prejudice UCC 1-308

## CERTIFICATE OF SERVICE

I, Lawrence Zekas, certify that a true and correct copy of the foregoing document was filed in Court and copies were emailed and mailed via USPS First Class Mail on this 2nd day of September, 2022.

By: *Lawrence, Zekas*

Lawrence Zekas without prejudice UCC 1-308

**Permanent Address:**

Lawrence Zekas
9736 Peabody Drive North
Jacksonville Florida 00000

**Original:**

United States District Court
Middle District of Florida
Clerk of the Court
300 North Hogan Street
Jacksonville, Florida 32202

**Copies:**

Christopher Dunn c/o RAS LaVrar, LLC
1133 S. University Drive, 2nd Floor
Plantation, FL 33324

*Sent via email to:* cdunn@Raslavrar.com

RAS LaVrar, LLC
c/o VCORP SERVICES, LLC
1133 S. University Drive, 2nd Floor
Plantation, FL 33324

*Sent via email to:* flavrar@raslavrar.com