"In care of"
Lawrence Zekas
9736 Peabody Drive North
Jacksonville Florida [32221]
LZekas01@gmail.com

FILED

2022 SEP 12 PM 1:40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| Lawrence Zekas, | ) Case No.: 3:22-00794-TJC-MCR |
| | ) |
| Plaintiff, | ) **NOTICE AND DEMAND FOR DEFAULT** |
| vs. | ) **AGAINST RAS LAVRAR, LLC** |
| | ) **PURSUANT TO RULE 56 (C) (2) (3) (4)** |
| RAS LAVRAR, LLC and CHRISTOPHER | ) |
| DUNN, | ) Reserve Right to Amend |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## NOTICE AND DEMAND FOR DEFAULT PURSUANT TO RULE 56 (C) (2) (3) (4)

[ "Cujusque Rei Potissima Pars"][The Principle Part of Everything Is In the Beginning]

Lawrence Zekas, "State Citizen", is here proceeding in a Common Law Court of Constitutional Due Process [under Article III of the Constitution of the United States for America, and the common law] … a neutral judge, plaintiff/defendant adversarial system, which means the court cannot impose the same standard upon me as are imposed on a licensed attorney and hereby request the clerk to issue default judgment against Defendants RAS LAVRAR, LLC and CHRISTOPHER DUNN, hereinafter referred to as DUNN, for

Zekas v. RAS LAVRAR, LLC and DUNN
Notice and Demand for Default Against RAS LAVRAR, LLC and DUNN
Page 1 of 6

failure to respond to Plaintiff's lawsuit filed on July 22, 2022. Both Defendants were properly served on August 4, 2022. RAS LAVRAR, LLC and DUNN have chosen not to obtain outside counsel to argue or deny the merits of my claims and thus are now procedurally barred from any argument on these claims in the future. Instead, RAS LAVRAR, LLC and DUNN have acquiesced and are now in agreement. Plaintiff requests the court to grant in full, the 100,000.00 USD, demanded in the lawsuit.

## RESERVATION OF RIGHTS:

I have reserved my rights under the UCC 1-308, formally 1-207, and demand the statutes used in this court be construed in harmony with Common Law. The code is complimentary to the common law, which remains in force, except where displaced by the code. A statute should be construed in harmony with the common law unless there is a clear legislative intent to abrogate the common law. The code was written as not to abolish the common law entirely. I was not involved with an international maritime contract, so in good faith, I deny that such a contract exists, and demand the court proceed under Common Law Jurisdiction. I'm only aware of two jurisdictions the court can operate under as per the Constitution and those jurisdictions are Common Law and Admiralty Jurisdiction. If the court chooses to proceed under Admiralty Jurisdiction, I will need the court to inform me where I can find and review the rules and procedures of admiralty jurisdiction, to avoid a violation of my due process, and a civil claim for obstruction of the administration of justice.

Zekas v. RAS LAVRAR, LLC and DUNN
Notice and Demand for Default Against RAS LAVRAR, LLC and DUNN
Page 2 of 6

## PRELIMINARY STATEMENT:

When a defendant fails to file a timely answer, the defendant waives any right to further review of the penalties and assessments imposed. Plaintiff is requesting a default judgment in this case because Defendants RAS LAVRAR, LLC and DUNN, did not respond or are otherwise attempting to avoid the dispute altogether. Defendants have not responded to the complaint or summons, so they cannot dispute Plaintiff's arguments. In order for the Defendants to have the default judgment vacated, the Defendants will have to show that they had a reasonable excuse for failing to respond in a reasonable time frame, and that their defense has at least some legal merit. In this case, Defendants RAS LAVRAR, LLC and DUNN violated the Fair-Debt-Collection-Practices-Act by failing to validate the alleged debt prior to initiating the state action and by attempting to use what appears to be a photo copy of an alleged 2011 credit card application, which Plaintiff believes and claims to be a forgery, which is missing a substantial part of the original agreement. Defendants' negligence and reckless endangerment of rights include: depriving Plaintiff of his right to know who he owes and how much; depriving Plaintiff of his right to privacy; depriving Plaintiff of his right to be let alone and honest services; and infliction of emotional distress because the complaint filed in the state action was signed by the agent without standing to initiate a state action against Plaintiff.

An entry of default is a serious remedy that is warranted when a party has failed to appear or failed to respond to the opposing party's argument as required by the Federal Rules of Civil Procedure. Reference Plaintiff's **DEMAND TO STRIKE DEFENDANTS' NOTICE OF**

Zekas v. RAS LAVRAR, LLC and DUNN
Notice and Demand for Default Against RAS LAVRAR, LLC and DUNN
Page 3 of 6

**APPEARANCE FROM THE RECORD, A CORPORATION CANNOT REPRESENT ITSELF IN COURT** filed on September 2, 2022. RAS LAVRAR, LLC and DUNN have failed to respond to Plaintiff's lawsuit and the clerk is ordered to enter default judgment in favor of the Plaintiff.

## ARGUMENT:

Lawrence Zekas, states his motion for default judgment should be granted. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) Give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant default judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order. In short, R. of Civ. P. 56 provides that you may not oppose a motion for default simply by relying upon the allegations in your petition. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the Plaintiff and raising specific facts that support your claims in the petition. Any witness statements must be in the form of affidavits.

Zekas v. RAS LAVRAR, LLC and DUNN
Notice and Demand for Default Against RAS LAVRAR, LLC and DUNN
Page 4 of 6

(5) Plaintiff's Failure to properly answer, plead, respond or otherwise defend is deemed admitted. Rule Civil Procedure 8(d). An unrebutted Affidavit stands as truth in commerce.

(6) both the defendant and Plaintiff are not in the military service at this time. The foregoing facts are hereby entered on the record by the defendant.

The Clerk of the Court is hereby directed to enter a default against Defendants RAS LAVRAR, LLC and DUNN, for failing to timely respond to Plaintiff's Complaint.

**Wherefore:**

Plaintiff requests the clerk grant damages in full, the one-hundred-thousand-dollars. Plaintiff also requests the court to order Defendants RAS LAVRAR, LLC and CHRISTOPHER DUNN, to immediately cease and desist further collections against Plaintiff, including the ongoing action at the state court, and contact the credit reporting agencies to correct the false information reported to them that is damaging Plaintiff's credit history.

Respectfully submitted this 12nd day of September, 2022, by:

*Lawrence Zekas*
Lawrence Zekas without prejudice UCC 1-308

Zekas v. RAS LAVRAR, LLC and DUNN
Notice and Demand for Default Against RAS LAVRAR, LLC and DUNN
Page 5 of 6

## CERTIFICATE OF SERVICE

I, Lawrence Zekas, certify that a true and correct copy of the foregoing document was filed in Court and copies were emailed and mailed via USPS First Class Mail on this 12th day of September, 2022.

By: *(signature)* Lawrence Zekas

Lawrence Zekas without prejudice UCC 1-308

**Copies:**

Christopher Dunn
c/o RAS LAVRAR, LLC
1133 S. University Drive, 2nd Floor
Plantation, FL 33324

*Sent via email to:* cdunn@Raslavrar.com

RAS LAVRAR, LLC
c/o VCORP SERVICES, LLC
1133 S. University Drive, 2nd Floor
Plantation, FL 33324

*Sent via email to:* flavrar@raslavrar.com

**Permanent Address:**

Lawrence Zekas
9736 Peabody Drive North
Jacksonville Florida 00000

**Original:**

United States District Court
Middle District of Florida
Clerk of the Court
300 North Hogan Street
Jacksonville, Florida 32202

Zekas v. RAS LAVRAR, LLC and DUNN
Notice and Demand for Default Against RAS LAVRAR, LLC and DUNN
Page 6 of 6